Judge Logan
delivered the opinion of the court.
Collins, as the guardian of Catharine Lowry, recovered judgment against Frazer, upon a note executed in August, 1811, for 149 13 5.
To injoin which, Frazer exhibited his bill, alledging that at the time of executing the note it was agreed, that if he could thereafter produce any receipts for payments made, either to the said Catharine, or to Samuel Wilson, an executor of the estate of her father, from whom her portion of the estate had been received, that a credit should be given therefor, and that any settlement between the complainant and Wilson should entitle him to a credit for the amount thereof, on his note aforesaid: That he was charged with 74 19, the amount of a note he had received for collection, but which had been collected, and by the officer paid over to the executor of Joseph Wilson, a co-executor with the said Samuel, of the estate of Stephen Lowry, dec’d: That he holds three receipts, amounting to $115, for which he has received no credit — and that, upon a settlement subsequently made with Samuel Wilson, he acknowledged that the appellee had accounted for all he had received in behalf of Catharine Lowry, except $l(>-
Collins admitted the agreement, to credit any payments which had been made by the appellee, to any person au- *120 thorised in behalf of the said Catharine to reeeive them: And states, that in conformity with that agreement, he had given credit for Z22, the amount of a receipt bearing date the 2d of March, 1808, from the appellee to the said Catharine; and, also, for $10, the price of a cow, acknowledged to have been received — and refused all other Credits.
Wilson j who was also made a defendant, and who was present at the settlement aforesaid, states that the settlement subsequently made between the appellee and himself, related to the distributive share of Polly Lowry, another daughter of the said Stephen, for whom the appellee was guardian, and to the interest of the widow of the said Stephen, with whom the appellee had intermarried; and did not at all relate to the portion of Catharine. Upon this settlement, Frazer was found in arrear $16 25; and for that sum executed his note té Wilson.
The circuit court, upon the hearing of the cause, perpetuated the injunction for $131 50; and dissolved it as to the residue: from which Coilins prosecutes this appeal.
It is difficult, if not impossible, to understand correctly from the evidence adduced, and the manner in which this business has been transacted, tKe precise state of the accounts, and the application of the estate among the dis-tributees.
From the settlement in August, 18Í1, it appears that Frazer was charged by the executors with various sums amounting to 1114 1 11. — 149 13 5, was agreed upon as the share of, Caty; arid for this sum, he executed his note to the, appellant as her guardian. Z4 19 charged on the 8th of October, 1802, composes a part of the aggregate a-r mount. And for this sum, it is satisfactorily shown that he ought to have been credited, as the money was collected and paid to the executor of Joseph Wilson; for it is very improbable that a credit therefor should have been given after the settlement in 1811, when he was charged with this sum, Without being able to show in what manner that credit was given: And proof of that fact properly devolves On the one claiming the benefit thereof, when opposed to the evidence of the sum thus charged.
But in what manner the residue of the amount of Z114 1 11 was reduced in the settlement in 1812, between the appellee and Samuel Wilson, is not shown: And as the ap-pellee cltiims the benefit thereof, in repelling the demand *121 Igainst him under the settlement previously made with the appellant, proof thereof was incumbent on him. '
Bibb for appellant.
The payment of Peggy LoWry of $30 in 1802, was chargeable to her; and for this sum, the appellee may have obtained a credit in the other settlements; whereby the debt against hini has been reduced. For it is evident he has, from some source, been able to rédeem the demand ■from upwards of Z100 to less than75, as appears from the settlement with Wilson in 1812: And this circumstance certainly more properly supports the answer of Wilson; from which it is clearly inferrible, that there remained a balance against the appellee, after allowing him the credit in the settlement with Collins. For it had previously been agreed upon between the three, that Z49 13 5, was the proportion of Catharine: It was, therefore, quite probable that in a final settlement thereafter between the executor and Frazer, that the execution of his note to Collins for a part of the existing demand against him, would have been discounted, or the dividend of Catharine considered as paid: And if not, inasmuch as a much larger sum had been acknowledged against him only the year preceding, it devolved on him to show in what manner he had accounted for the same. We cannot, therefore, concur in the opinion that the appellee was entitled to this credit of $30, in part of that debt.
But he was entitled to $75, instead of the 122, credited on the note. This sum, together with the $10 credited thereon, the 14 19, and the $30, amount to the sum injoin-ed. But as we conceive the $30 was improperly injoined, the decree must be reversed with cost in this court, and the cause remanded, in order that a decree may pass conforma-bly to this opinion.